UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:06-cr-117-FtM-29MRM

MICHAEL TERRILL FAIRCLOTH
_____

                           **OPINION AND ORDER**

    This matter comes before the Court on defendant's Motion to Withdraw Plea (Doc. #67) filed on September 13, 2016.  The government filed a Response (Doc. #68) on September 21, 2016.  For the reasons set forth below, the motion is denied.

    On October 25, 2006, a grand jury in Fort Myers returned a one-count Indictment (Doc. #1) against defendant for possession of ammunition after having been convicted of a felony offense.  The Indictment alleged that defendant had previously been convicted of sixteen (16) felony offenses.  On May 2, 2007, defendant appeared before the United States Magistrate Judge and entered a plea of guilty pursuant to a Plea Agreement.  (Docs. #37, #39.)  The Plea Agreement (Doc. #39) stated that the charge was brought against defendant as an armed career criminal, and identified the maximum statutory penalty as a mandatory minimum term of imprisonment of fifteen (15) years up to life.  (Doc. #39, p. 1.)  The elements of the offense included that defendant must have had three prior convictions for a violent felony or a serious drug offense.  (Id.

at 2.) The Factual Basis asserted defendant had been convicted of the sixteen (16) specifically identified offenses, and thereafter possessed ammunition which had travelled in interstate commerce. (Id. at 12-16.)

The plea was accepted, and defendant was sentenced on September 24, 2007. (Doc. #51.) Defendant was sentenced under the Armed Career Criminal Act, but because of the government's substantial assistance motion received a sentence of 120 months imprisonment. (Doc. #58, p. 34.) Judgment (Doc. #53) was entered on the same day. No direct appeal was filed.

On March 18, 2016, defendant filed a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #61). On July 15, 2016, the Court issued an Opinion and Order (Doc. #62) granting defendant's § 2255 Motion and vacating the Judgment because the parties agreed that, in light of recent Supreme Court decisions, the Armed Career Criminal Act enhancement no longer applied to defendant. Counsel was appointed to represent defendant for resentencing, which is scheduled for October 31, 2016.

Defendant now seeks to withdraw his plea because he was "misadvised" as to the range of sentence he was facing. Defendant states that he would have gone to trial if he known that the maximum sentence was only 10 years, and not 15 years to life imprisonment.

The applicable legal principles are well-settled in the Eleventh Circuit:

> After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has met his burden to show a "fair and just reason," a district court "may consider the totality of the circumstances surrounding the plea." United States v. Buckles, 843 F.2d 469, 471–72 (11th Cir. 1988). In the course of this inquiry, we consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 472 (citations omitted). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." Id. Additionally, "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." Id. at 473.

United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). All these factors weigh against defendant, who has not shown a fair and just reason to withdraw his guilty plea.

There has been a substantial delay between the entry of the guilty plea and the motion to withdraw, and the only assertion relates to a **decrease** in the statutory maximum sentence. Defendant clearly had the close assistance of counsel in deciding to plead guilty and at the sentencing hearing, where defendant's

criminal history was discussed at length.  The plea colloquy and sentencing establish that the guilty plea was voluntary and knowing, and the law was clear at the time that the Armed Career Criminal Act enhancement applied.  Granting the motion would prejudice the government, which would have to prosecute the case a decade after the events at issue.

    Accordingly, it is hereby

    **ORDERED:**

Defendant's Motion to Withdraw Plea (Doc. #67) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record