UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:06-cr-117-FtM-29MRM

MICHAEL TERRILL FAIRCLOTH

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Michael Terrill Faircloth's Rule 12 Motion Challenging A Defective Indictment (Doc. #97), filed on December 16, 2019. The government's Response (Doc. #98) was filed on January 22, 2020, and defendant's Reply (Doc. #99) was filed on February 20, 2020. The Government filed an additional Response (Doc. #100) on April 1, 2020. For the reasons set forth below, the motion is denied.

**I.**

The relevant facts have been set forth by the government (Doc. #98, pp. 1-5) and stipulated to by defendant (Doc. #99, p. 1), and will therefore be adopted by the Court. The Court summarizes the pertinent facts:

On October 25, 2006, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Doc. #1) charging Michael Terrill Faircloth (defendant or Faircloth) with being a felon in possession of ammunition (the Possession of Ammunition Case). In

due course, defendant entered a plea of guilty pursuant to a Plea Agreement. (Docs. #39, #41.)

According to the Presentence Report, defendant qualified under the Armed Career Criminal Act (ACCA), resulting in a Sentencing Guidelines range of 180 to 210 months imprisonment. (Doc. #72, p. 33.) At the September 24, 2007 sentencing hearing, the Court granted a four-level reduction under the Sentencing Guidelines based on the government's substantial assistance motion (Doc. #54), which resulted in a Sentencing Guidelines range of 120 to 150 months imprisonment. Petitioner was sentenced to 120 months of imprisonment, followed by a term of 60 months supervised release. (Docs. #51, #53.) Defendant did not file a direct appeal.

In late 2013, or early 2014, defendant was released to a halfway house in Miami, Florida. On February 12, 2014, defendant failed to return to the facility and was placed on escape status. On March 14, 2014, defendant was indicted in the Southern District of Florida for Escape (the Escape Indictment).

On May 21, 2014, defendant was arrested on the Escape Indictment in Cape Coral, Florida, and was found in possession of a loaded firearm. On July 9, 2014, defendant was indicted in the Middle District of Florida, Fort Myers Division, for possession of a firearm and ammunition by a convicted felon (the Possession of

a Firearm Indictment).  Defendant was convicted in a jury trial on January 28, 2016.

On March 18, 2016, defendant filed a motion pursuant to 28 U.S.C. § 2255 in the Possession of Ammunition Case asserting that the intervening decisions of Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016) meant that he no longer qualified under the ACCA.  (Doc. #61.)  On July 15, 2016, the District Court issued an Opinion and Order (Doc. #62) finding the ACCA no longer applied to defendant, and setting the case for a full resentencing.

On September 13, 2016, petitioner through counsel filed a Motion to Withdraw Plea. (Doc. #67.)  On October 19, 2016, the Court denied the motion because granting it would unduly prejudice the government.  (Doc. #71.)

Under the new Sentencing Guidelines calculations, defendant's sentencing range was 51 to 63 months imprisonment.  (Doc. #72, pp. 1-2.)  The government continued to ask for the four level reduction based upon substantial assistance, which lowered the range to 33 to 41 months imprisonment.  On December 5, 2016, the Court resentenced defendant to 41 months imprisonment, without a term of supervised release.  (Doc. #78; Doc. #84, p. 26.)  Judgment (Doc. #79) was filed on December 6, 2016.

Defendant had already served far more than 41 months imprisonment. According to the Bureau of Prisons, a 41-month term would have been completed on April 21, 2009. Defendant had completed the 120-month prison term as of January 14, 2015.[1]

Defendant appealed the Court's denial of his motion to withdraw his guilty plea in the Possession of Ammunition Case. The Eleventh Circuit affirmed the sentence and conviction on October 18, 2017. (Cr. Doc. #87); United States v. Faircloth, 712 F. App'x 887 (11th Cir. 2017). Defendant's petition for certiorari was denied on May 14, 2018. Faircloth v. United States, 138 S. Ct. 2012 (2018).

On January 19, 2017, defendant was sentenced to 120 months imprisonment in the new Fort Myers case, to be served consecutive to the sentence imposed in the Southern District of Florida case. On May 6, 2019, defendant's conviction in the new Fort Myers case was affirmed. United States v. Faircloth, 770 F. App'x 976 (11th Cir. 2019). The Supreme Court denied certiorari on March 2, 2020. Faircloth v. United States, 140 S. Ct. 1273 (2020).

## II.

Defendant now seeks dismissal of the Indictment in the Fort Myers Possession of Ammunition case in light of Rehaif v. United

---

[1] Defendant was not released because of his two new indictments and sentencings in those cases.

States, 139 S. Ct. 2191 (2019). The Supreme Court clarified in Rehaif that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." United States v. Reed, 941 F.3d 1018, 1020 (11th Cir. 2019) (quoting Rehaif, 139 S. Ct. at 2200). The Indictment (Doc. #1) in this case did allege that defendant was a convicted felon, but only alleged "knowing" possession of ammunition.

Defendant asserts that this Court has jurisdiction to consider his motion pursuant to Fed. R. Crim P. 12(b)(3)(B)(v) "and any other Statute, Codification, Rule of Court or Constitutional provision applicable to this pleading." (Doc. #97, p. 1.) Defendant asserts that the Indictment does not state a federal offense because it omits the now-required knowledge-of-status element, fails to track the statute or statutory language, and fails to contain a required reference to 18 U.S.C. § 924(a)(2). (Doc. #97, p. 4.)

The government responds that defendant's motion should be dismissed because the Court lacks jurisdiction to dismiss the Indictment because defendant is no longer serving the sentence on the charge in the Indictment. Alternatively, the government argues the motion should be denied. (Doc. #98.)

### III.

#### A. Jurisdiction to Decide Motion

The government asserts that the Court lacks jurisdiction to decide the pending motion because defendant cannot comply with the requirements of Fed. R. Crim. P. 12.  Generally, a motion alleging a defect in an indictment, including a failure to state an offense, "must be raised by pretrial motion".  Fed. R. Crim. P. 12(b)(3)(B)(v).  A Court may consider an untimely motion if a party shows good cause.  Fed. R. Crim. P. 12(c)(3).  A motion asserting that the court lacks jurisdiction "may be made at any time while the case is pending."  Fed. R. Crim. P. 12(b)(2).

"Federal courts are courts of limited jurisdiction, imbued with the authority to hear cases and controversies as prescribed by the Constitution or federal statute." United States v. Moore, 954 F.3d 1322, 1332 (11th Cir. 2020) (citations omitted).  While the cases cited by the government address the Rule 12 issue as a lack of jurisdiction by the district court, the Supreme Court has dictated a more cautious meaning for the word "jurisdiction."  A requirement found in the Federal Rules is properly classified as a non-jurisdictional claim-processing rule, which nonetheless should be followed unless waived or forfeited.  Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019); Hamer v. Neighborhood

<u>Hous. Services of Chicago</u>, 138 S. Ct. 13, 16–17 (2017); <u>Kontrick</u>

<u>v. Ryan</u>, 540 U.S. 443, 456 (2004).

Even when a federal statute is involved, not all time

limitations are jurisdictional.  If a time bar is jurisdictional,

> a litigant's failure to comply with the bar
> deprives a court of all authority to hear a
> case. Hence, a court must enforce the
> limitation even if the other party has waived
> any timeliness objection. [ ] And, more
> crucially here, a court must do so even if
> equitable considerations would support
> extending the prescribed time period. [ ]
>
> Given those harsh consequences, the Government
> must clear a high bar to establish that a
> statute of limitations is jurisdictional. In
> recent years, we have repeatedly held that
> procedural rules, including time bars, cabin
> a court's power only if Congress has "clearly
> state[d]" as much. [ ] "[A]bsent such a clear
> statement,. . .'courts should treat the
> restriction as nonjurisdictional.'" [ ] That
> does not mean "Congress must incant magic
> words." [ ] But traditional tools of statutory
> construction must plainly show that Congress
> imbued a procedural bar with jurisdictional
> consequences.
>
> And in applying that clear statement rule, we
> have made plain that most time bars are
> nonjurisdictional. [ ] Time and again, we have
> described filing deadlines as "quintessential
> claim-processing rules," which "seek to
> promote the orderly progress of litigation,"
> but do not deprive a court of authority to
> hear a case. [ ]

<u>United States v. Kwai Fun Wong</u>, 575 U.S. 402, 408–10

(2015)(internal citations omitted).  Here, Rule 12(b)(3) is a

claims processing rule which must be followed, but it is not jurisdictional.

Other than Fed. R. Crim P. 12(b)(3)(B)(v), defendant relies on the unspecified "any other Statute, Codification, Rule of Court or Constitutional provision applicable to this pleading." (Doc. #97, p. 1.) "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

Here, even if Rule 12(b) was jurisdictional, the Court could entertain defendant's motion as a motion for writ of *coram nobis*. United States v. Denedo, 556 U.S. 904, 912-13 (2009)("Because *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired.") For purposes of this motion only, the Court accepts the government's argument that defendant is no longer in custody pursuant to the conviction in this case. Therefore, defendant satisfies that requirement for a writ of *coram nobis*. United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no

longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.").

The Court concludes that it has jurisdiction to consider the relief requested by petitioner.  While jurisdiction exists, the Court also concludes that petitioner is not entitled to relief under Rule 12(b), both as a matter of Rule 12(b) procedure and on the substantive merits.

**B. Rule 12(b) Arguments**

Even though it is not jurisdictional, a defendant must comply with Rule 12(b)'s requirements in order to obtain relief. Defendant cannot challenge the sufficiency of the Indictment under Rule 12(b)(3)(B)(v) because he had to do so by way of a "pretrial" motion.  Not only is the criminal case over, but defendant has fully completed his sentence.  Accordingly, relief under Fed. R. Crim. P. 12(b)(3)(B)(v) is not available to defendant.

Defendant also seems to imply that an Indictment made defective by Rehaif results in a lack of jurisdiction over the criminal case, allowing relief under Fed. R. Crim. P. 12(b)(2). Such an argument, however, is unavailing.  Defendant's case was not "pending" within the meaning of Rule 12(b)(3)(B).  United States v. Wellons, 289 F. App'x 383, 384 (11th Cir. 2008). Defendant's case ceased to be "pending" as of November 17, 2017, when the Mandate (Cr. Doc. #88) issued from the re-sentencing

appeal. <u>United States v. Elso</u>, 571 F.3d 1163, 1166 (11th Cir. 2009); <u>United States v. Clarke</u>, 150 F. App'x 969, 970 (11th Cir. 2005). Contrary to defendant's argument, the filing of a habeas corpus motion does not render the criminal case "pending." Habeas corpus relief is sought in a separate civil proceeding. <u>United States v. Morgan</u>, 346 U.S. 502, 506 n.4 (1954) (citing <u>Kurtz v. Moffitt</u>, 115 U.S. 487, 494 (1885)). Additionally, the Eleventh Circuit has held that a <u>Rehaif</u> defect does not result in a lack of subject matter jurisdiction. <u>United States v. Moore</u>, 954 F.3d 1322, 1332 (11th Cir. 2020); <u>United States v. McLellan</u>, 18-13289, 2020 WL 2188875, at *5 (11th Cir. May 6, 2020). Contrary to defendant's arguments, the Indictment is not otherwise insufficient on its face.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Rule 12 Motion Challenging a Defective Indictment (Cr. Doc. #97) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of May, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant; AUSA