UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL TERRILL FAIRCLOTH,

      Petitioner,

v.                                    Case No:  2:19-cv-269-FtM-29MRM
                                      Case No. 2:06-CR-117-FTM-29MR

UNITED STATES OF AMERICA,

      Respondent.

_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner Michael Terrill Faircloth's (Faircloth or petitioner) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #89; Cr. Doc. #90)[1] filed by counsel on May 13, 2019, and petitioner's *pro se* Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #2) filed on May 14, 2019.  Petitioner's attorney filed a Memorandum of Law (Cv. Doc. #10) on August 5, 2019.  On October 3, 2019, petitioner's attorney was allowed to withdraw from the case.  (Cv. Doc. #15.) The government filed a Response in Opposition (Cv. Doc. #16) on

_____

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

October 4, 2019, to which petitioner filed a *pro se* Reply (Cv. Doc. #19) on December 9, 2019.

Petitioner is in the unusual position of urging the Court to vacate his sentence so it may impose a more severe sentence. Petitioner was originally sentenced as an armed career offender to 120 months imprisonment, followed by five years of supervised release.  Before petitioner completed that sentence, he escaped; when captured, petitioner was found in possession of a firearm. This led to two new federal criminal cases, which ultimately resulted in convictions.  After serving about nine years of the 120 month sentence, but before being convicted and sentenced on the new federal offenses, petitioner filed his first § 2255 motion claiming he was not an armed career offender under recent Supreme Court cases.  The Court agreed, set a re-sentencing hearing, and ultimately re-sentenced petitioner to 41 months imprisonment, with no supervised release to follow.  By the time petitioner was re-sentenced, he had completely served the original 120-month term of imprisonment (but not the supervised release term).

Petitioner asserts that the federal Bureau of Prisons refuses to credit his "overserved" time (i.e., the difference between the 120 months he actually served and the 41 months he was re-sentenced to serve) on either of petitioner's two new federal sentences. Petitioner further asserts that the Bureau of Prisons would give him such credit if the Court had imposed a term of supervised

release at re-sentencing.  Petitioner therefore argues that the Court erred in failing to impose a term of supervised release, and his attorney provided ineffective assistance of counsel by failing to request the Court to do so.  Petitioner seeks to be re-sentenced to 41 months imprisonment, plus a three year term of supervised release, and requests that the Court order the Bureau of Prisons to give him credit for the over-service of his original sentence. (Cv. Doc. #10, pp. 10-11.)

**I.**

**A.  Procedural History of Current Case**

On October 25, 2006, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging Faircloth with being a felon in possession of ammunition (the Ammunition Case).  In due course defendant entered a plea of guilty pursuant to a Plea Agreement.  (Cr. Docs. #39, 41.)

According to the Presentence Report, defendant qualified under the Armed Career Criminal Act (ACCA), resulting in a Sentencing Guideline range of 180 to 210 months imprisonment. (Cr. Doc. #72, p. 33.)  At the September 24, 2007 sentencing, the Court granted a four-level reduction based on the government's substantial assistance motion (Cr. Doc. #54), which resulted in a Sentencing Guidelines range of 120 to 150 months imprisonment. Petitioner was sentenced to 120 months of imprisonment, followed

by a term of 60 months supervised release.  (Cr. Docs. #51, 53.)
Defendant did not file a direct appeal.

About nine years later, on March 18, 2016, defendant filed a
motion pursuant to 28 U.S.C. § 2255 asserting that in light of the
intervening decisions of Johnson v. United States, 135 S. Ct. 2551
(2015) and Welch v. United States, 136 S. Ct. 1257 (2016) he did
not qualify under the ACCA.  (Cr. Doc. #61.)  On July 15, 2016,
the Court issued an Opinion and Order (Cr. Doc. #62) finding the
ACCA no longer applied to defendant, and setting the case for a
full resentencing.

On September 13, 2016, petitioner through counsel filed a
Motion to Withdraw Plea. (Cr. Doc. #67.)  On October 19, 2016, the
Court denied the motion because it would prejudice the government.
(Cr. Doc. #71.)

Under the new Sentencing Guideline calculations, petitioner's
range was 51 to 63 months imprisonment.  (Cr. Doc. #72, pp. 1-2.)
At the December 5, 2016, resentencing, the government continued to
ask for the four-level reduction based upon substantial
assistance.  The Court granted petitioner a four level reduction
in the total offense level which, coupled with petitioner's
Category VI criminal history, resulted in a Sentencing Guidelines
range of 33 to 41 months imprisonment, followed by supervised
release of between one and three years.  (Cr. Doc. #84, pp. 20.)
Defense counsel asserted that imposition of supervised release was

discretionary, not mandatory. (Id. at 20-21.) Defense counsel requested a sentence at the low end of the Sentencing Guidelines range, without imposition of a term of supervised release because of petitioner's two pending federal cases for which supervised release would be available. (Id. at 21.) The Probation Office took the position that a term of supervised release was mandatory. (Id. at 24.)

Relying on 18 U.S.C. § 3583(a), the Court found that supervised release was not mandatory, and declined to impose a term of supervised release. (Id. at 25-26.) The Court imposed a sentence of 41 months imprisonment in order to give petitioner credit for his substantial assistance. (Id. at 29-30.) The Court declined to decide whether petitioner could "bank" or receive credit for any portion of the 120 month prior sentence which was over-served. (Id. at 30-31.) Judgment (Cr. Doc. #79) was filed on December 6, 2016.

Defendant had, of course, already served more than 41 months imprisonment. According to the Bureau of Prisons, a 41-month term would have been completed on April 21, 2009; petitioner had completed the 120-month prison term on January 14, 2015.[1] (Cv. Doc. #16, p. 5.)

---

[1] Defendant was not released because, as discussed in more detail in a moment, he had been indicted on March 14, 2014, for escape and indicted on July 9, 2014, for being a felon in possession of a firearm. On March 13, 2015, petitioner filed a motion under 28

Defense counsel filed a Notice of Appeal (Cr. Doc. #81) and on appeal challenged the Court's denial of petitioner's motion to withdraw his guilty plea.   The Eleventh Circuit affirmed the conviction and sentence on October 18, 2017.   (Cr. Doc. #87); United States v. Faircloth, 712 F. App'x 887 (11th Cir. 2017). Petitioner's *pro se* petition for certiorari was denied on May 14, 2018. Faircloth v. United States, 138 S. Ct. 2012 (2018).

**B. Procedural History of Intervening Prosecutions**

As part of the original incarceration on the Ammunition Case, petitioner was released to a halfway house in Miami, Florida.   On or about February 12, 2014, petitioner left the halfway house without permission and was deemed to have escaped.   On March 14, 2014, petitioner was indicted in the Southern District of Florida for Escape (the Escape Case).   (Cv. Doc. #10, ¶ 2; Cv. Doc. #16, p. 4.)

On May 21, 2014, petitioner was arrested on the Escape Case at his residence in Cape Coral, Florida, where he was found with a loaded firearm on his person.   (Cv. Doc. #10, ¶ 3; Cv. Doc. #16, p. 4.)   On July 9, 2014, petitioner was indicted in the Middle

---

U.S.C. § 2241 asserting that he had already served his 120 month sentence, and seeking his immediate release or transfer to the Southern District to answer on the escape charge.   (Id., p. 2.) On November 14, 2016, the Section 2241 motion was dismissed without prejudice as moot because the resentencing hearing had already been scheduled, or alternatively, for failure to prosecute.   See Faircloth v. United States, 2:15-cv-168-FTM-29MRM, Doc. #12 (M.D. Fla. Nov. 14, 2016).

District of Florida for Possession of a Firearm and Ammunition by a Convicted Felon (the Firearm Case) based on the loaded firearm found at the time of his arrest on the Escape Case. (Cv. Doc. #16, p. 4.)

On January 28, 2016, petitioner was found guilty by a jury on the Firearm Case in the Middle District of Florida. See United States v. Faircloth, 2:14-cr-76-FTM-38MRM, Doc. #161. On June 19, 2017, petitioner was sentenced to 120 months of imprisonment, consecutive to the sentence to be imposed for the escape. (Cv. Doc. #10, ¶ 4; 2:14-cr-76-FTM-38MRM, Doc. #227.) This conviction and sentence were affirmed on direct appeal. United States v. Faircloth, 770 Fed. Appx. 976, 977 (11th Cir. 2019). The Supreme Court denied certiorari on March 2, 2020. Faircloth v. United States, 140 S. Ct. 1273 (2020).

On August 16, 2017, petitioner was sentenced on the escape charge to 27 months of imprisonment, to run consecutive to the 41-month term imposed in the Ammunition Case. (Cv. Doc. #16, p. 5.)

## II.

Petitioner and his former counsel raise several grounds for relief in their respective § 2255 motions. The Court summarizes each ground.

### A.  Ground One

In his *pro se* Ground One, petitioner phrases the issue as one of ineffective assistance of counsel.  Petitioner asserts that his attorney failed to use due diligence to ascertain whether or not a term of supervised release was necessary to ensure he would receive time-served credit for the over-served sentence. Petitioner asserts that his attorney was twice given untrue information by a sentencing specialist with the Bureau of Prisons, but faults counsel for not verifying the information.  (Cv. Doc. #2, p. 4.)

In the Ground One in counsel's § 2255 Motion, counsel phrases the issue as being trial court error.  Specifically, counsel argues that the trial court erred in not imposing a term of supervised release upon re-sentencing, which prevented petitioner's sentence from being aggregated with his new sentences because his original sentence had already expired.  Imposition of a supervised release term would have meant petitioner's sentence in the instant case had not expired, and the Bureau of Prisons would be able to aggregate his consecutive sentences and provide credit for the over-served time.  (Cv. Docs. #1, p. 4; #10, pp. 5-7.)

### B. Ground Two

In Ground Two of petitioner's *pro se* § 2255 motion he asserts that his attorney provided ineffective assistance of counsel by

failing to seek a writ of certiorari from the Supreme Court, as petitioner had requested him to do.  (Cv. Doc. #2, p. 5.)

In Ground Two of counsel's § 2255 motion counsel asserts that former counsel provided ineffective assistance by failing to bring to the Court's attention that a term of supervised release which extended beyond the date of resentencing was required in order for the new consecutive sentences to be aggregated and petitioner to receive credit for the over-service of his prior sentence.  (Cv. Doc. #2, pp. 5-6.)

### C. Ground Three

In Ground Three of petitioner's *pro se* § 2255 motion he asserts that his attorney provided ineffective assistance of counsel because petitioner received "zero" credit at the re-sentencing for his assistance to the government, in violation of his Plea Agreement.  Petitioner also asserts that the Bureau of Prison is not giving him any credit for the over-service, which effectively constitutes a breach of the Plea Agreement, which his attorney failed to preserve, object to, or appeal.  (Cv. Doc. #2, p. 7.)

In Ground Three of counsel's § 2255 motion counsel asserts that trial counsel provided ineffective assistance of counsel by failing to research and properly advise petitioner regarding whether his consecutive sentences would be aggregated, when he would be eligible for release from prison, the total length of his

sentences, and the impact resentencing would have on time already served.  (Cv. Doc. #1, p. 7.)

### D.  Ground Four

In Ground Four petitioner asserts that he instructed his attorney to file a notice of appeal from the re-sentencing, but his attorney failed to do so.  (Cv. Doc. #10, p. 10.)

### E.  Ground Added in Reply

In his *pro se* Reply (Cv. Doc. #19), petitioner raises the additional claim that the Indictment in the instant case was defective under recent Supreme Court authority, and therefore the district court had no jurisdiction over the case.

### III.

The Court first addresses some preliminary procedural matters.

### A.  Timeliness of Motion/Cognizability

Petitioner has filed two versions of his current § 2255 motion.  Petitioner filed a *pro se* § 2255 motion on May 14, 2019, which had been signed on May 9, 2019.  The other motion was signed and filed by counsel on May 13, 2019.  The government concedes that the § 2255 motions were timely filed (Cv. Doc. #16, pp. 8-9), and the Court agrees.

The government also concedes that the issues raised by petitioner are cognizable under § 2255.  (Cv. Doc. #16, pp. 12-13.)  Again, the Court agrees.

**B.  Lack of Jurisdiction – "In Custody" Requirement**

The government asserts that the § 2255 motions should be dismissed because petitioner was not "in custody" at the time he filed the § 2255 motions, as required by the statute.  (Cv. Doc. #16, pp. 9-10.)   For the reasons set forth below, the Court disagrees.

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released" on certain types of grounds "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a). Whether a prisoner is "in custody" is measured at the time he or she files the § 2255 motion.  Carafas v. LaVallee, 391 U.S. 234, 238 (1968)("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed.")

Although the phrase "in custody" is construed broadly, the Supreme Court has stressed that a habeas petitioner cannot satisfy that requirement if he "suffers no present restraint from" the conviction he seeks to challenge. Garlotte v. Fordice, 515 U.S. 39, 45 (1995); Maleng v. Cook, 490 U.S. 488, 492 (1989).   Two Supreme Court cases are relevant.  In Peyton v. Rowe, 391 U.S. 54, 67 (1968), the Supreme Court held that a district court may entertain a habeas petition from a prisoner incarcerated under consecutive sentences when the prisoner claims that a sentence he

is scheduled to serve in the future is unconstitutional. In Garlotte v. Fordice, the Supreme Court addressed what it described as "Peyton in reverse." Garlotte entered simultaneous guilty pleas in state court and was sentenced to three years' imprisonment for a drug charge, to be followed by concurrent life sentences for murder convictions. 515 U.S. at 41-42. Although Garlotte had completed the three-year drug term and had begun serving the life sentences for the murder charge, the Supreme Court allowed his habeas petition, which challenged the validity of the drug conviction. The Supreme Court concluded that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of the habeas statute." Id. at 45-46 (quoting Peyton, 391 U.S. at 67). The Court focused on the "core purpose of habeas review," noting that Garlotte's challenge would shorten his term of incarceration if he was successful. Id. at 47.

Here, in May 2019, when petitioner filed his § 2255 motions, he was literally "in custody," but in federal custody based upon the Firearm Case, not the Ammunition Case in which he now seeks § 2255 relief. If petitioner's claims are correct, he suffers a present restraint from the Ammunition Case.

In May, 2019, petitioner had completely served all components of his sentence in the Ammunition Case, but was serving sentences in two federal cases, both of which were imposed to be served

consecutively to the Ammunition Case.[2]  Petitioner asserts that
if he prevails in this § 2255 proceeding, he will be released from
prison earlier on the Firearm Case and the Escape Case because the
Bureau of Prisons will aggregate the three sentences and
effectively credit the over-served time from the Ammunition Case.
If successful, petitioner will advance his release date, which is
sufficient to permit a § 2255 motion.  Peyton, 391 U.S. at 66-67.
Under these circumstances, the Court finds petitioner was "in
custody" for purposes of § 2255 at the time he filed his § 2255
motions.

### C. Mootness

The government also asserts that the § 2255 motions should be
dismissed as moot because petitioner has served his entire sentence
in the Ammunition Case.  (Cv. Doc. #16, pp. 10-12.)  Given the
nature of petitioner's claims, the Court disagrees.

A federal court's jurisdiction is limited to "Cases" and
"Controversies." U.S. Const. art. III, § 2, cl. 1. A case or
controversy becomes moot when it no longer presents a live
controversy with respect to which the court can give meaningful
relief.  United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir.
2008).  A sentencing issue is moot when the defendant has already

---

[2] The Escape Case sentence was expressly to be served consecutively
to the sentence in the Ammunition Case.  The Firearm Case was
expressly to be served consecutively to the Escape Case sentence.

served his complete sentence, unless the defendant demonstrates some sufficient "collateral consequences" flowing from the sentence imposed. Spencer v. Kemna, 523 U.S. 1, 3, 14-17 (1998).

Since it is undisputed that petitioner has already served the entire sentence imposed in the Ammunition Case, he no longer automatically satisfies Article III's "case-or-controversy" requirement. Rather, petitioner bears the burden of showing that he still suffers some sufficient collateral consequence from the Ammunition Case sentence. Spencer v. Kemna, 523 U.S. at 7, 14.

The § 2255 motions are not moot. It is undisputed that petitioner has not received credit for his "overservice" of the sentence from the Ammunition Case. Petitioner has sufficiently shown the existence of a sufficient collateral consequence of the Ammunition Case that survives the full service of his sentence, i.e., if petitioner's position is correct, the Ammunition Case adversely impacts the actual time petitioner will serve in custody on the Firearm Case and the Escape Case. Additionally, "[b]ecause success for [petitioner] could alter the supervised release portion of his sentence, his appeal is not moot." Dawson v. Scott, 50 F.3d 884, 886 (11th Cir. 1995).

**D. Procedural Default**

The government argues that petitioner procedurally defaulted his claims by not arguing on direct appeal that he should have received a term of supervised release. (Cv. Doc. #16, pp. 13-14.)

The Court finds there is no procedural default which allows the Court to avoid the issues raised in the § 2255 motions.

Under the procedural default doctrine, a defendant must raise any available challenge to a criminal conviction or sentence on direct appeal, or otherwise be precluded from presenting those claims in a federal § 2255 proceeding. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). There are two exceptions to the procedural default rule: (1) where a defendant can show cause for the default and actual prejudice from the error; and (2) when there has been a miscarriage of justice, also known as the "actual innocence" exception. Id. A meritorious claim of ineffective assistance of counsel may constitute cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

Petitioner's ineffective assistance of counsel claims are not themselves procedurally defaulted. Massaro v. United States, 538 U.S. 500, 504 (2003). The underlying substantive issue regarding the need to impose a term of supervised release is inextricably intertwined with most of the ineffective assistance of counsel claims, and the Court must resolve that issue to resolve these ineffective assistance claims.

### E. Unavailable Relief: Order to Bureau of Prisons

Both petitioner and his former counsel ask the Court to utilize this § 2255 proceeding to order the Bureau of Prisons to

give petitioner the credit for the over-served time. Former counsel argues that the Bureau of Prisons has erred by finding petitioner was not in custody for purposes of aggregating his sentence, and asks the Court to "remedy that error." (Cv. Doc. #10, pp. 6-7.) Petitioner asks the Court to order the Bureau of Prisons to give him full credit, or to allow a new plea agreement which guarantees the Bureau of Prison will give him full credit. (Cv. Doc. #2, p. 13.) Neither form of relief is available to petitioner even if he prevails in this § 2255 proceeding.

A challenge to the service of a sentence (as distinguished from a challenge to the validity of a sentence) must be brought pursuant to 28 U.S.C. § 2241, not pursuant to § 2255. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241). In such a proceeding, the applicable law is well-settled, as the Eleventh Circuit has recently stated:

> Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit" for time served in official detention "that has not been credited against another sentence." But in United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992), the Supreme Court held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." Id. at 334, 112 S. Ct. at 1354.
>
> Instead, the Attorney General, acting through the Bureau of Prisons ("BOP"), is responsible for initially calculating credit for time

> served. See id. at 334-35, 112 S. Ct. at 1355-
> 56; see also United States v. Alexander, 609
> F.3d 1250, 1259-60 (11th Cir. 2010).
>
> This Court has clarified that "prisoners may
> seek judicial review of the [time-served]
> calculation only after exhausting
> administrative remedies." Alexander, 609 F.3d
> at 1259-60. That is, to seek credit for time
> served, a prisoner must first use the BOP's
> formal process for filing a complaint. See
> United States v. Lucas, 898 F.2d 1554, 1556
> (11th Cir. 1990) (per curiam) (citing 28
> C.F.R. §§ 542.10-.16). Only after the BOP has
> issued a decision may a prisoner seek judicial
> review of that administrative action. See id.
> at 1555. The federal courts lack jurisdiction
> over requests for custody-credit that were not
> first asserted before the BOP. See id. at
> 1555-56.

United States v. Coates, 775 F. App'x 669, 670-71 (11th Cir. 2019).

The Court recognized this at the sentencing proceeding, and

declined to resolve the issue of credit for time served, deferring

to the Bureau of Prisons. (Cr. Doc. #84, pp. 30-31.) Thus, even

if petitioner is correct in his § 2255 issues, appropriate relief

does not include an order to the Bureau of Prisons as to how to

give petitioner credit on his sentences.

**IV.**

Most of the remaining issues are phrased in terms of

ineffective assistance of counsel claims. The Court will set

forth those legal principles, and then discuss the specific issues raised by petitioner.

## A. Ineffective Assistance of Counsel Standards

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established.  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different.  See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).  "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them."  Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances.  Hinton, 571 U.S. at 273 (internal quotations and citations omitted).  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances

of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90.

To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); see also Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); see also Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel. See Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also Roe, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. See Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Counsel is not

deficient for failing to raise non-meritorious claims on direct appeal.  See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**B. Specific Grounds Asserted in §2255 Motions**

The Court addresses each of the grounds asserted by petitioner or his attorney in the § 2255 motions, although not in the same order as set forth in the § 2255 motions.

**(1)   Failure to File Notice of Appeal**

Petitioner asserts that his attorney provided ineffective assistance of counsel because he failed to file a notice of appeal after his re-sentencing, as petitioner instructed him to do.  (Cv. Doc. #10, p. 10.)

The Eleventh Circuit recently summarized the pertinent legal principles:

> "In order to prevail on his claim that counsel was constitutionally ineffective for failing to file an appeal, [Rios] must show that counsel's performance was deficient and that this deficiency prejudiced him." Thompson, 504 F.3d at 1206; Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (holding that the test from Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), applies to claims that a lawyer was ineffective for failing to file an appeal).
>
> A § 2255 movant can meet this test in two ways. First, he can show that counsel disregarded a specific instruction to file a notice of appeal. Flores-Ortega, 528 U.S. at 477, 120 S. Ct. 1029 ("We have long held that a lawyer who disregards specific instructions from the

defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Counsel's performance in these circumstances is per se deficient because "the decision to appeal rests with the defendant." Id. at 479, 120 S. Ct. 1029. Moreover, prejudice is presumed when counsel's deficient performance deprives a defendant of an appeal that he otherwise would have taken. Garza v. Idaho, ___ U.S. ___, 139 S. Ct. 738, 744, 203 L. Ed. 2d 77 (2019).

Second, a § 2255 movant can show that counsel failed to adequately consult with him about an appeal and that, had he received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal. Flores-Ortega, 528 U.S. at 478, 484, 486, 120 S. Ct. 1029; see Thompson, 504 F.3d at 1206 ("[A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal."). To prove deficient performance under this route, the movant must show that counsel had a "constitutionally imposed duty to consult." Flores-Ortega, 528 U.S. at 480, 120 S. Ct. 1029. Counsel has a duty to consult when (1) a rational defendant would want to appeal; or (2) the particular defendant reasonably demonstrated an interest in appealing. Thompson, 504 F.3d at 1207. In making this determination, courts must take into account all the information counsel knew or should have known. Flores-Ortega, 528 U.S. at 480, 120 S. Ct. 1029. While there is no "bright-line rule" that counsel must always consult with a defendant regarding an appeal, the Supreme Court has recognized that counsel will have a duty to consult "in the vast majority of cases." Id. at 480-81, 120 S. Ct. 1029.

Rios v. United States, 783 F. App'x 886, 890-91 (11th Cir. 2019) (footnote omitted).

Here, the record clearly establishes that counsel did file a Notice of Appeal after the re-sentencing. (Cr. Doc. #81.) The Eleventh Circuit affirmed. United States v. Faircloth, 712 F. App'x 887 (11th Cir. 2017). Therefore, petitioner's claim is without merit.

**(2) Failure to File Petition for Writ of Certiorari**

Petitioner asserts that his attorney provided ineffective assistance by failing to file a petition for writ of certiorari with the United States Supreme Court, as petitioner instructed. (Cv. Doc. #2, p. 5.) Petitioner filed such a petition *pro se*, which was denied.

While a criminal defendant has a constitutional and statutory right to counsel in a direct appeal, a criminal defendant does not have a constitutional right to counsel to pursue discretionary review. Ross v. Moffitt, 417 U.S. 600, 617-18 (1974) (appointment of counsel for indigent state defendants not required for applications for writ of certiorari with the Supreme Court); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); Austin v. United States, 513 U.S. 5, 8 (1994). Review by the Supreme Court pursuant to a writ of certiorari is discretionary. 28 U.S.C. § 1254. Since

petitioner had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his counsel's failure to file an application for discretionary review. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). Additionally, petitioner cannot establish prejudice because a petition for certiorari was filed and the Supreme Court declined to hear the case. Faircloth v. United States, 138 S. Ct. 2012, 201 L. Ed. 2d 267 (2018). This ground is denied.

### (3) Failure to Obtain Credit For Substantial Assistance

Petitioner asserts that his attorney provided ineffective assistance of counsel because counsel did not object when petitioner failed to receive any credit for substantial assistance at the re-sentencing, contrary to the provisions of the Plea Agreement. (Cv. Doc. #2, p. 7.)

The record establishes that petitioner's claim is without merit. The Plea Agreement did not compel a benefit for substantial assistance, but only required the government to make a motion with the court seeking such a benefit on petitioner's behalf. (Cr. Doc. #39, pp. 4-5.) More importantly, the record clearly establishes that at re-sentencing the government continued to request a four-level reduction for substantial assistance (Cr. Doc. #84, p. 18), and petitioner did receive credit for substantial assistance. The sentencing court had initially misspoke, imposing a sentence of 63 months imprisonment. (Id. at 23-24.) When this

was pointed out, the Court imposed a sentence of 41 months imprisonment in order to give petitioner credit for the substantial assistance.  (Id. at 29-30.)

**(4)  Whether Supervised Release Term Was Required**

The crux of the motions is that the Court was required to impose a term of supervised release upon re-sentencing, and erred by failing to do so.  (Cv. Docs. #10, pp. 8-9.)

The controlling statute, 18 U.S.C. § 3583(a), provides:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

18 U.S.C. § 3583.  Thus, under Section 3583(a) a term of supervised release is permissive, not mandatory, unless supervised release is required by statute or if defendant is a first-time domestic violence offender.  Obviously, the domestic violence provision does not apply to this case.  The government states there is no statute making imposition of a term of supervised release mandatory in this case (Cv. Doc. #16, p. 15), and the Court agrees.

Petitioner's former counsel relies upon a provision of the Sentencing Guidelines (Cv. Doc. #10, p. 8), which obviously is not

a statute.    Additionally, the cited Sentencing Guidelines
provision does not make imposition of a term of supervised release
mandatory.

Sentencing Guidelines § 5D1.1(a) and (b) provide in pertinent
part:

> (a) The court shall order a term of supervised
> release to follow imprisonment--
>
> > (1) when required by statute (see 18
> > U.S.C. § 3583(a)); or
> >
> > (2) except as provided in subsection (c),
> > when a sentence of imprisonment of more
> > than one year is imposed.
>
> (b) The court may order a term of supervised
> release to follow imprisonment in any other
> case. See 18 U.S.C. § 3583(a).

U.S. Sentencing Guideline Manual § 5D1.1(a), (b).   The Application
Note for Subsection (a) states:

> Under subsection (a), the court is required to
> impose a term of supervised release to follow
> imprisonment when supervised release is
> required by statute or, except as provided in
> subsection (c), when a sentence of
> imprisonment of more than one year is imposed.
> The court may depart from this guideline and
> not impose a term of supervised release if
> supervised release is not required by statute
> and the court determines, after considering
> the factors set forth in Note 3, that
> supervised release is not necessary.

U.S. Sentencing Guidelines Manual § 5D1.1 cmt. n.1.   The factors
set forth in Note 3 are:

> (A)  Statutory  Factors.--In  determining
> whether  to  impose  a  term  of  supervised

> release, the court is required by statute to
> consider, among other factors:
>
> (i) The nature and circumstances of the
> offense and the history and characteristics of
> the defendant;
>
> (ii) The need to afford adequate deterrence to
> criminal conduct, to protect the public from
> further crimes of the defendant, and to
> provide the defendant with needed educational
> or vocational training, medical care, or other
> correctional treatment in the most effective
> manner;
>
> (iii) The need to avoid unwarranted sentence
> disparities among defendants with similar
> records who have been found guilty of similar
> conduct; and
>
> (iv) The need to provide restitution to any
> victims of the offense.

U.S. Sentencing Guidelines Manual § 5D1.1, cmt. n.3. "Although

the sentencing guidelines call for supervised release in all

remaining cases with a prison sentence of more than one year (with

limited exceptions), see U.S. Sentencing Guidelines Manual §

5D1.1(a)(2), the Supreme Court made the relevant provisions of the

guidelines discretionary in 2005. See United States v. Booker, 543

U.S. 220, 245, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005); United

States v. Parker, 508 F.3d 434, 442 (7th Cir. 2007)." United

States v. Kappes, 782 F.3d 828, 837 (7th Cir. 2015).

Here, the Court exercised its discretion and, given the

circumstances of the case, agreed with defense counsel that a term

of supervised release should not be imposed. This was not error,

contrary to petitioner's current position.

**(5)   Ineffective Assistance Re: Supervised Release Term**

Even though supervised release was not required, petitioner's attorney may have provided ineffective assistance by failing to request imposition of a term of supervised release.  While perhaps counterintuitive, petitioner asserts his attorney should have asked for a more severe sentence (i.e., the imposition of a term of supervised release) in order to ensure that the Bureau of Prisons gave him full credit for the over-served time from the Ammunition Case.

The record establishes there was no ineffective assistance of counsel.  Petitioner concedes that his attorney made at least two inquiries of a specialist with the Bureau of Prisons concerning the subject of supervised release.  While petitioner claims his attorney received incorrect information both times, the attorney cannot be faulted for that.  Even now the parties dispute whether the Bureau of Prisons would give petitioner the credit he seeks if a term of supervised release had been imposed.  Petitioner and his former counsel rely from a snippet in what appears to be Bureau of Prisons case notes to infer that credit would have been given if supervised release had been imposed.  (Cv. Doc. #1-1; Cv. Doc. #10, p. 7.)   The government argues that petitioner would not receive credit even if supervised release had been imposed.  (Cv. Doc. #16, pp. 18-19.)

**(6)  Validity of Indictment**

Petitioner adds a new issue in his reply memorandum, asserting that in light of Rehaif v. United States, 139 S. Ct. 2191 (2019), the Indictment did not contain an essential element of the charged offense and the Court therefore lacked jurisdiction over him. Petitioner is incorrect.

The Supreme Court clarified in Rehaif that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." United States v. Reed, 941 F.3d 1018, 1020 (11th Cir. 2019) (quoting Rehaif, 139 S. Ct. at 2200). The Indictment (Doc. #1) in this case did allege that defendant was a convicted felon, but only alleged "knowing" possession of ammunition. Defendant asserts that the Indictment does not state a federal offense because it omits this now-required knowledge-of-status element, fails to track the statute or statutory language, and fails to contain a required reference to 18 U.S.C. § 924(a)(2).

Rehaif "did not announce a "new rule of constitutional law," In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019), and the Supreme Court did not make Rehaif retroactive to cases on collateral review. In re Wright, 942 F.3d 1063 (11th Cir. 2019). Even if retroactive, the Eleventh Circuit has held that a Rehaif

defect does not result in a lack of subject matter jurisdiction. United States v. Moore, 954 F.3d 1322, 1332 (11th Cir. 2020); United States v. McLellan, 18-13289, 2020 WL 2188875, at *5 (11th Cir. May 6, 2020). Contrary to defendant's arguments, the Indictment is not otherwise insufficient on its face. "So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction." Moore, at 1336.

Under Rehaif, petitioner established plain errors in the Indictment. However, petitioner would have to "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (citation and internal quotation marks omitted). Under the factual basis of the Plea Agreement (Cr. Doc. #39), petitioner admitted to having had 11 prior felony offenses. A review of the Presentence Report reflects a Criminal History Score of 22, establishing petitioner as a Criminal History Category of VI. At resentencing, defendant remained a Category VI. (Cr. Doc. #69.) Much like Reed, petitioner had a prior felon in possession of a firearm conviction as far back as 1979, and the record therefore established that petitioner knew he was a felon, and "he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his

trial." United States v. Reed, 941 F.3d 1018, 1022 (11th Cir. 2019).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #89; Cr. Doc. #90) is **DENIED**.

2.    The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve

encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations omitted).   Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of May, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA

– 31 –